K. Winn Allen, P.C. (*pro hac vice*)
T.J. McCarrick (*pro hac vice*)
Saunders McElroy (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States
Telephone: +1 202 389 5000
Facsimile: +1 202 389 5200
winn.allen@kirkland.com
tj.mccarrick@kirkland.com
saunders.mcelroy@kirkland.com

Laura Vartain Horn (SBN 258485)
Bethany Lobo (SBN 248109)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
United States
Telephone: +1 415 439 1400
Facsimile: +1 415 439 1500
laura.vartain@kirkland.com
bethany.lobo@kirkland.com

*Attorneys for Defendants Meta Platforms, Inc., and WhatsApp LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BRYAN Y. SHIRAZI and NIDA SAMSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., and WHATSAPP LLC,<br><br>Defendants. | CASE NO. 26-CV-02615<br><br>**META PLATFORMS, INC., AND WHATSAPP LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS UNDER 9 U.S.C. §§ 3-4**<br><br>Complaint Filed Date: March 25, 2026<br><br>Judge: Honorable Rita F. Lin<br>Hearing Date: July 14, 2026<br>Time: 10:00 AM<br>Courtroom: 04, 17th Floor |

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................ ii

INTRODUCTION ........................................ 1

ARGUMENT ........................................ 2

A. Plaintiffs' "Public Injunction" Requests Are Subject to Arbitration under the WhatsApp Terms of Service ........................................ 2

B. Alternatively, Plaintiffs' Requests for a Public Injunction Remedy Are Severable from the Determination of Liability on the UCL and FAL Claims ........................................ 4

C. Plaintiffs' Claims Against WhatsApp and Meta Must be Stayed ........................................ 5

CONCLUSION ........................................ 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blair v. Rent-A-Center, Inc.*,
928 F.3d 819 (9th Cir. 2019) ....................5

*DiCarlo v. MoneyLion, Inc.*,
988 F.3d 1148 (9th Cir. 2021) ....................1, 3

*Dornaus v. Best Buy Co.*,
2019 WL 632957 (N.D. Cal. Feb. 14, 2019) ....................5, 6

*Kohler v. Whaleco, Inc.*,
757 F. Supp. 3d 1112 (S.D. Cal. 2024)....................5, 6

*Lag Shot LLC v. Facebook, Inc.*,
545 F. Supp. 3d 770 (N.D. Cal. 2021) ....................5, 6

*Lee v. Postmates Inc.,*
2018 WL 4961802 (N.D. Cal. Oct. 15, 2018)....................3

*Leyva v. Certified Grocers of California, Ltd.*,
593 F.2d 857 (9th Cir. 1979) ....................6

*McGill v. Citibank, N.A.*,
2 Cal. 5th 945 (2017) ....................1, 2, 3

*Naria v. Trover Sols., Inc.*,
967 F. Supp. 2d 1332 (N.D. Cal. 2013) ....................3

*Olosoni v. HRB Tax Grp.*,
2019 WL 7576680 (N.D. Cal. Nov. 5, 2019) ....................3, 4

*Patrick v. Running Warehouse, LLC*,
93 F.4th 468 (9th Cir. 2024) ....................1, 2, 3, 4

*Shivkov v. Artex Risk Sols., Inc.*,
974 F.3d 1051 (9th Cir. 2020) ....................3

*Snarr v. HRB Tax Grp.*,
839 F. App’x 53 (9th Cir. 2020) ....................3

*Woods v. Airbnb, Inc.*,
2024 WL 4227746 (N.D. Cal. Sept. 17, 2024) ....................6

**Statutes**

9 U.S.C. § 3 ....................5

## INTRODUCTION

This case should be compelled to arbitration. Plaintiffs dismissed their claims against Accenture (ECF No. 47), leaving only their claims against WhatsApp and Meta. They do not dispute that the arbitrability question is the same for WhatsApp and Meta (collectively, "WhatsApp"). They concede that ten of their twelve causes of action against WhatsApp must be arbitrated in full. Opp. at 1 n.3 (ECF No. 46). And they do not argue a basis for the non-injunctive remedies sought under their two remaining Unfair Competition ("UCL") and False Advertising ("FAL") causes of action to be heard in court.

Plaintiffs' sole contention is that they may pursue a "public injunction" remedy in court. Plaintiffs argue that because the WhatsApp Terms of Service obligate the parties to submit to "individual arbitration," they are thus barred from pursuing public-injunctive relief ***in any forum*** under *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017). Not so. The plain language of "individual arbitration" places no limit on the forms of relief available. Nor do the other provisions of the Terms of Service place any limitation on their ability to seek particular forms of relief; rather, the Terms prohibit the Plaintiffs' participation in a "class action" or similar procedural mechanism. Compl. Ex. 1 at 13. Plaintiffs are thus permitted to seek a public injunction in arbitration. Interpreting near-identical provisions, the Ninth Circuit held that an agreement requiring parties to arbitrate in their "individual capacity" did not "bar the arbitrator from awarding public injunctive relief" and thus did not conflict with *McGill*. *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 478 (9th Cir. 2024); *see DiCarlo v. MoneyLion, Inc.*, 988 F.3d 1148, 1156-58 (9th Cir. 2021) (holding that plaintiffs may seek public injunctions pursuant to *individual* UCL and FAL claims and enforcing arbitration agreement). And even if the public-injunction remedy were not arbitrable (and it is), that remedy is severable under the Terms of Service and the underlying merits of Plaintiffs' UCL and FAL claims must still be arbitrated.

Thus, Plaintiffs' concessions make this an easy case to compel to arbitration. Plaintiffs surely knew the Terms of Service attached to their complaint required arbitration. Compl. Ex. 1. And their casual disregard for their contractual duties and quick about-face (forcing WhatsApp to incur the resultant expenses) should not be countenanced. WhatsApp's motion to compel and stay proceedings should be granted in full.

## ARGUMENT

### A. Plaintiffs' "Public Injunction" Requests Are Subject to Arbitration Under the WhatsApp Terms of Service.

Ninth Circuit precedent requires arbitration of Plaintiffs' UCL and FAL public-injunction requests, and Plaintiffs' effort to dispute this straightforward application of binding case law must be rejected. Plaintiffs do not dispute that the arbitration provision in the Terms of Service covers the subject matter of these claims. *See* Opp. at 1; *see also* Mot. at 6-7 (ECF No. 36). And they make no argument that their other requested remedies under those claims (disgorgement and restitution, *see* Compl. ¶¶ 262, 274) can be heard in court. Rather, Plaintiffs' sole argument is that the requirement in the WhatsApp Terms of Service for claims to be heard in "individual arbitration" runs afoul of the rule in *McGill*, 2 Cal. 5th at 966-67, because it precludes them from seeking a public injunction in any forum. *See* Opp. at 8-9. Plaintiffs are mistaken.

In *Patrick v. Running Warehouse, LLC*, 93 F.4th 468 (9th Cir. 2024), the Ninth Circuit confronted an arbitration clause containing strikingly similar language: "All Claims shall be brought solely in the parties' individual capacity, and not as a plaintiff or class member in any purported class or representative proceeding." *Id.* at 478. The plaintiffs there argued that the arbitration clause prevented them "from obtaining public injunctive relief in arbitration," but the Ninth Circuit rejected that argument because "this language prohibits the consumer from arbitrating as part of a class or representative proceeding, but says nothing about the consumer's ability to pursue, or the arbitrator's ability to award, any certain type of relief." *Id.* Like the arbitration clause in *Patrick*, the WhatsApp Terms of Service prohibit "Class Actions, Class Arbitrations, Or Representative Actions," but say nothing about the types of relief that may be pursued or awarded in arbitration. Compl. Ex. 1 at 13.

Plaintiffs' reading of "individual arbitration" also contradicts the plain meaning of those words standing alone, as well as the WhatsApp Terms of Service read as a whole. *First*, the plain meaning of "individual arbitration" is that a claimant must proceed on an individual (*i.e.*, non-class) basis, and Plaintiffs identify no other language in the Terms of Service that would suggest that phrase imposes a further limitation on the form of relief that may be sought.

*Second*, Plaintiffs' attempt to read a categorical bar on certain forms of relief into the phrase "individual arbitration" makes even less sense when the entire provision is read together in context, as standard principles of contract interpretation require. *See Naria v. Trover Sols., Inc.*, 967 F. Supp. 2d 1332, 1337 (N.D. Cal. 2013) ("In California, a court determines whether an arbitration agreement encompasses a dispute by reading the contract as a whole."); *Shivkov v. Artex Risk Sols., Inc.*, 974 F.3d 1051, 1063 (9th Cir. 2020) ("It is a standard rule of contract interpretation that specific terms control over general ones."). Indeed, the "individual arbitration" language on which Plaintiffs rely appears solely as introductory language in WhatsApp's Terms of Service. Compl. Ex. 1 at 3, 12. The more detailed operative clause in the Terms of Service, however, uses substantively similar language as the one at issue in *Patrick*, confirming that the arbitration agreement's effect is to limit claims to those brought only on a user's "own behalf" and prohibit participation in a "class action, a class-wide arbitration, Disputes brought in a private attorney general or representative capacity, or consolidated Disputes involving any other person or entity in connection with any Dispute." *Id.* at 13.

Contrary to Plaintiffs' argument, the Ninth Circuit, applying *McGill* directly, has explicitly held that requiring a claimant to proceed individually did not limit that claimant's ability to seek public injunctive relief in arbitration. *DiCarlo*, 988 F.3d at 1156-58 (citing *McGill*, 2 Cal. 5th at 959-60). Many other federal courts addressing arbitration provisions like WhatsApp's have compelled arbitration of claims seeking public injunctive relief under California law, including under provisions that specifically require "individual arbitration." *See*, *e.g.*, *Lee v. Postmates Inc.,* 2018 WL 4961802, at *9 (N.D. Cal. Oct. 15, 2018); Mot. at 9 (collecting cases). The same result is required here.

Plaintiffs' lone response to this overwhelming weight of authority is *Olosoni v. HRB Tax Grp.*, 2019 WL 7576680, at *3 (N.D. Cal. Nov. 5, 2019), *aff'd sub nom. Snarr v. HRB Tax Grp.*, 839 F. App'x 53 (9th Cir. 2020). *See* Opp. at 8-9. They argue that arbitration of a request for public-injunctive relief was refused there based on limiting language in the arbitration provision at issue requiring "binding individual arbitration" and that thus this case "is on four squares with *Olosoni*." *Id.* But Plaintiffs selectively omit the key language from that arbitration provision that animated the Ninth Circuit's (unpublished) affirmance: the agreement stated that "any ***relief*** in arbitration '***must be individualized to you and will not affect any other client[.]***'" *Snarr*, 839 F. App'x at 54 (emphases added). In fact, the

defendant in *Olosoni* did not even "contest that the agreement waives the right to public injunctive relief" when appealing. *Id.* Unlike the *Olosoni* agreement, the WhatsApp Terms of Service contains no language limiting the form of relief available in arbitration.

Furthermore, the Ninth Circuit in *Patrick* expressly distinguished agreements (like in *Olosoni*) where "the arbitration clause contained an explicit term providing that the arbitrator could grant only individual relief" from those like WhatsApp's where "no such provision exists," confirming that arbitration agreements in the latter category do not violate *McGill*. 93 F.4th at 478. Because the WhatsApp Terms of Service do not contain a clause, explicit or otherwise, limiting the forms of relief available in arbitration for Plaintiffs' UCL and FAL claims, those claims must be compelled to arbitration along with the remainder of Plaintiffs' Complaint.

**B. Alternatively, Plaintiffs' Requests for a Public Injunction Remedy Are Severable from the Determination of Liability on the UCL and FAL Claims.**

Although the entirety of Plaintiffs' claims—public-injunction requests and all—must be compelled to arbitration, the decision on the merits of the UCL and FAL claims (and the other forms of relief sought) is, at a minimum, severable from the requested public injunction remedy. Thus, those underlying merits must be arbitrated first.

The Terms contain a severance clause that provides:

> If there is a final judicial determination that any particular Dispute (***or a request for particular relief***) cannot be arbitrated in accordance with this provision's limitations, then only that Dispute (***or only that request for relief***) may be brought in court. All other Disputes (or requests for relief) remain subject to this provision.

Compl. Ex. 1 at 13 (emphases added). Plaintiffs claim that, because this clause states that non-arbitrable disputes "should proceed in Court, the entirety of Plaintiffs' UCL and FAL claims should proceed in Court." Opp. at 11 n.8. But Plaintiffs have already implicitly conceded that the UCL and FAL causes of action *are* arbitrable because they seek to pursue only their "claims *seeking public injunctive relief* against Meta in this Court." Opp. at 1 (emphasis added). That argument tacitly admits that their requested UCL disgorgement remedy, Compl. ¶ 262, and FAL restitution remedy, *id.* ¶ 274, must proceed in arbitration.

Further, as explained in WhatsApp's opening motion, California federal courts assessing arbitration agreements that both (1) limit claimants to individual relief and (2) contain remedial severance clauses like the one in WhatsApp's Terms of Service have severed only "the remedial determination – the

availability of the public injunction," while compelling "[a]ll remaining claims" to arbitration, including the "determination of liability." *Lag Shot LLC v. Facebook, Inc.*, 545 F. Supp. 3d 770, 785-86 (N.D. Cal. 2021); *see Dornaus v. Best Buy Co.*, 2019 WL 632957, at *6 (N.D. Cal. Feb. 14, 2019) ("[T]he remainder of [the] action must be compelled to arbitration under the terms of the Agreement—including all questions of liability[.]"); *Kohler v. Whaleco, Inc.*, 757 F. Supp. 3d 1112, 1130 (S.D. Cal. 2024) ("Because the Severance Clause expressly permits the severability of either a 'particular claim' or 'request for relief,' (Terms § 19.4)" the plaintiff's "request for public injunctive relief" is severable "from an arbitrator's adjudication of the Defendant's liability.").

Plaintiffs do not respond to these cases, and their sole cited case, *Blair v. Rent-A-Center, Inc.*, is inapposite. *See* Opp. at 11 n.8 (citing 928 F.3d 819 (9th Cir. 2019)). The *Blair* court found that a severance clause describing the severability only of "claims" (and not requests for relief) meant that "the entire claim"—meaning "cause of action"—would be "severed for judicial determination." 928 F.3d at 831-32. But the *Blair* court explained that "[p]arties are welcome" to draft their arbitration agreements differently to "carve[] out only the potential public injunctive remedy [from] causes of action, requiring the arbitrator to adjudicate liability first." *Id.* at 831. The WhatsApp Terms of Service do just that by stating that "a request for particular relief" is severable if determined to be non-arbitrable. Compl. Ex. 1 at 13. Yet Plaintiffs simply assert that "the language used in the severance clause does not plainly demonstrate that the parties have chosen to sever issues of liability from requested relief." Opp. at 11 n.8. Plaintiffs offer no reasonable alternative explanation for what else the language about the severability of a request for particular relief could mean, and none exists.

### C. Plaintiffs' Claims Against WhatsApp and Meta Must Be Stayed.

Plaintiffs do not dispute that the Federal Arbitration Act (the "FAA") requires a stay of litigation for all claims and issues compelled to arbitration. 9 U.S.C. § 3; *see* Opp. at 9. Because arbitration is required for all of Plaintiffs' claims against WhatsApp and Meta, this action must be stayed in its entirety.

Even if the Court were to sever the remedial question of Plaintiffs' request for a public injunction (and it should not), no such remedial determination could be made until after an adjudication of the merits of Plaintiffs' underlying UCL and FAL claims in arbitration—such that a stay would still be necessary. Courts that sever a public injunction request from arbitration under similar remedial

severability provisions routinely stay the case pending the determination of liability in arbitration. *See Lag Shot*, 545 F. Supp. 3d at 786 ("The Court stays the public injunction determination pending the arbitrator's determination of liability on Plaintiff's UCL claim."); *Dornaus*, 2019 WL 632957, at *7 (retaining jurisdiction over the "decision of whether to award the remedy of public injunctive relief" and staying action until "after liability is determined" in arbitration); *Kohler*, 757 F. Supp. 3d at 1130 (same).

Plaintiffs' arguments for litigating their UCL and FAL disputes in this Court fall flat. Each of Plaintiffs' claims is fundamentally based on the (false) premise that WhatsApp accessed the contents of user messages that it represented to be end-to-end encrypted, and each of those claims will be entirely dependent on their (in)ability to prove those allegations. It would make no sense for the merits of those claims to proceed to adjudication on parallel tracks in litigation and arbitration, as such an outcome would "waste judicial resources and be burdensome upon the parties if the district court ... were mandated to permit discovery, and upon completion of pretrial proceedings, to take evidence and determine the merits of the case at the same time as the arbitrator is going through a substantially parallel process." *See*, *e.g.*, *Woods v. Airbnb, Inc.*, 2024 WL 4227746, at *2 (N.D. Cal. Sept. 17, 2024), at *2 (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979)). Such a process in federal court would be entirely unnecessary if Plaintiffs are unable to substantiate their allegations through arbitration, as the adjudication of the veracity of their (false) allegations in arbitration will be outcome-determinative as to all claims.

## CONCLUSION

For the foregoing reasons and those stated in WhatsApp's Motion, the Court should compel Plaintiffs to proceed to arbitration under the procedures outlined in the WhatsApp Terms of Service and stay proceedings concerning Plaintiffs' complaint.

DATED: June 30, 2026

Respectfully submitted,
KIRKLAND & ELLIS LLP

*/s/ T.J. McCarrick*

K. Winn Allen, P.C. (*pro hac vice*)
T.J. McCarrick (*pro hac vice*)
Saunders McElroy (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States
Telephone: +1 202 389 5000
Facsimile: +1 202 389 5200
winn.allen@kirkland.com
tj.mccarrick@kirkland.com
saunders.mcelroy@kirkland.com

Laura Vartain Horn (SBN 258485)
Bethany Lobo (SBN 248109)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
United States
Telephone: +1 415 439 1400
Facsimile: +1 415 439 1500
laura.vartain@kirkland.com
bethany.lobo@kirkland.com

*Attorneys for Defendants Meta Platforms, Inc., and WhatsApp LLC*

**CERTIFICATE OF SERVICE**

On June 30, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been so served.

*/s/ T.J. McCarrick*______________________
T.J. McCarrick