UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN Y. SHIRAZI, et al.,

Plaintiffs,

v.

META PLATFORMS, INC., et al.,

Defendants.

Case No.  26-cv-02615-RFL

**ORDER GRANTING MOTION TO COMPEL ARBITRATION**

Re: Dkt. No. 37

On behalf of WhatsApp users residing in the United States, Plaintiffs Brian Shirazi and Nida Samson bring this putative class action against Defendants Meta Platforms, Inc., WhatsApp LLC, Accenture PLC, and Accenture LLP.  Plaintiffs allege that despite representing that messages on WhatsApp are private and encrypted, WhatsApp and Meta secretly intercept, store, access, and view user messages and permit Accenture employees to do the same.  (Dkt. No. 1.) Meta and WhatsApp (hereinafter "Defendants") move to compel arbitration of all of Plaintiffs' claims pursuant to arbitration agreements in WhatsApp's Terms of Service and to stay the case pending arbitration.  (Dkt. No. 37.)  For the reasons that follow, Defendants' motion is **GRANTED**, and the case is **STAYED** pending arbitration.  This order assumes the parties' familiarity with the facts of the case, the applicable legal standard, and both sides' arguments.[1]

Plaintiffs oppose Defendants' motion only as to their claims seeking public injunctive relief under the UCL and FAL.  (Dkt. No. 46 at 5.)[2]  Plaintiffs argue that the arbitration agreements are invalid and unenforceable as to these claims because they "purport[] to waive, in all fora, the statutory right to seek public injunctive relief" in violation of the California Supreme

---

[1] Plaintiffs voluntarily dismissed their claims against Accenture PLC and Accenture LLP without prejudice.  (Dkt. No. 47.)  Accordingly, the Court does not address the parties' arguments regarding those claims.

[2] All references to page numbers for filings on the docket refer to ECF pagination.

1

Court's decision in *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017).  (Dkt. No. 46 at 12 (quoting *McGill*, 2 Cal. 5th at 962)).)

WhatsApp's arbitration agreements do not run afoul of *McGill*.  As relevant here, the arbitration agreements require users to (a) submit all disputes with WhatsApp to "binding individual arbitration"; (b) bring claims against WhatsApp only on their own behalf and "not on behalf of any other person or entity, or any class of people"; and (c) waive their rights to have their claims "heard and resolved as, a class action, a class arbitration, or a representative action."  (Dkt. No. 1-1 at 12–13.)  But the arbitration agreements do not "prohibit the arbitrator from awarding relief that would affect those other than" Plaintiffs.  *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 478 (9th Cir. 2024) (internal quotation marks omitted).  Furthermore, requiring users to bring claims in their individual capacities in individual arbitrations does not waive their rights to seek public injunctive relief.  Under California law, public injunctive relief is available in individual lawsuits.  *See DiCarlo v. MoneyLion, Inc.*, 988 F.3d 1148, 1155–56, 1158 (9th Cir. 2021).  Because the arbitration agreements do not purport to eliminate users' rights to seek public injunctions under the UCL and FAL, they are valid and enforceable.  Accordingly, Defendants' motion to compel arbitration is granted.

Because all of Plaintiffs' claims are subject to arbitration, the case is **STAYED** pending arbitration.  (*See* Dkt. No. 46 at 13.)  The parties shall file a joint status report every 180 days to update the Court on the arbitration proceedings and shall file a status report within 14 days of the completion of arbitration proceedings.  The first status report is due by **January 5, 2027**.

**IT IS SO ORDERED.**

Dated: July 9, 2026

RITA F. LIN
United States District Judge